UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA MOZINGO,<br><br>          Plaintiff,<br><br>v.<br><br>JAPAN AIRLINES CO., LTD., a foreign company (Japan), which is duly qualified to and in fact conducting with the State of California as company number C0282499; and DOES 1 through 100,<br><br>          Defendants. | Case No.: 20-CV-583 JLS (AGS)<br><br>**ORDER REMANDING ACTION TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**<br><br>(ECF No. 1) |

   On November 21, 2019, Plaintiff Pamela Mozingo filed a complaint in the Superior Court of the State of California, County of San Diego, related to injuries to Plaintiff's neck and shoulder sustained when one of Defendant Japan Airlines Co, Ltd.'s flight attendants slipped and fell onto Plaintiff while accessing the overhead bin space. *See* ECF No. 1-2 ("Compl.") ¶ 9. On December 27, 2019, Defendant removed to this Court on the basis of diversity jurisdiction and federal question. *See* ECF No. 1 ("Not. of Removal") ¶ 3; *see also* ECF No. 1-3 ("Ex. B"). On January 9, 2020, the Court *sua sponte* remanded the action on the grounds that "it could neither assert (1) diversity jurisdiction because JAL failed to establish that the amount in controversy exceeds the $75,000 threshold nor (2) federal question jurisdiction because the Montreal Convention does not completely preempt state

1

law causes of action and therefore, provides no basis for asserting that federal subject matter jurisdiction exists." Not. of Removal ¶ 4.[1]

"On February 18, 2020, JAL's counsel served plaintiff with a Request for Statement of Damages." Not. of Removal ¶ 5. "On March 4, 2020, JAL's counsel received plaintiff's Statement of Damages[,] which states that '[p]laintiff seeks damages in the above-entitled action, as follows:' $200,000 for pain suffering, and inconvenience; $50,000 for emotional distress; $15,000 for medical expenses (*to date*); and an unknown amount for future medical expenses (*present value*), which is a total of $265,000 in damages." Not. of Removal ¶ 6 (second alteration in original) (quoting Decl. of Celia Rosas in Support of Not. of Removal ("Celia Decl.," ECF No. 1-5) Ex. C); *see also* Rosas Decl. Ex. C. On March 26, 2020, Defendant again removed on the basis of diversity jurisdiction "given the Statement of Damages establishes that the amount in controversy exceeds $75,000." Not. of Removal ¶ 8. Pursuant to the District's low-number rule, the case was transferred to this Court on April 29, 2020, as related to Defendant's prior removal in *Mozingo v. Japan Airlines Co.*, No. 19cv2489 (S.D. Cal. filed Dec. 27, 2019). *See generally* ECF No. 3.

Pursuant to 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." "In light of the prohibition against review of a remand order in § 1[4]46(d), once a district court has remanded a case, a defendant generally may not remove the case to federal court a second time." *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1061–62 (C.D. Cal. 2014) (alteration in original) (quoting *Lodi Mem'l Hosp. Ass'n, Inc. v. Blue Cross of Cal.*, No. CIV. 12 1071 WBS GGH, 2012 WL 3638506, at *3 (E.D. Cal. Aug. 22, 2012)). "Stated differently, 'a party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action.'" *Id.* at 1062 (quoting *Allen v.*

---

[1] Although Defendant claims to have attached the prior remand order as Exhibit C to its Notice of Removal, Exhibit C appears to be a Notice of Appearance for Benedict E. Idemundia. *See* ECF No. 1-4. The Court, however, may take judicial notice of matters of public record, including filings in related litigation. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006).

*UtiliQuest, LLC.*, No. CV 13-4466 SBA, 2014 WL 94337, at *2 (N.D. Cal. Jan. 9 2014)) (citing *Seedman v. U.S. Dist. Ct. for C.D. Cal.*, 837 F.2d 413, 414 (9th Cir. 1988); *Andersen v. Schwan Food Co.*, No. CV 13-02208 JGB, 2014 WL 1266785, at *4 (C.D. Cal. Mar. 26, 2014)). "This general prohibition on successive removals, however, does not apply 'when subsequent pleadings or events reveal *a new and different* ground for removal.'" *Id.* at 1062–63 (emphasis in original) (quoting *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991)) (collecting cases). "Indeed, 'absent new and different grounds for removal based on newly discovered facts or law, a defendant who improperly removes a case after a federal court previously remanded it risks being sanctioned under Federal Rule of Civil Procedure 11.'" *Id.* at 1063 (quoting *Fed. Home Loan Mortg. Corp. v. Pulido*, No. CV 12-04525 LB, 2012 WL 5199441, at *2 (N.D. Cal. Oct. 20, 2012).

"[I]t is the grounds discussed in the remand order, rather than the grounds alleged in the notice of removal, that govern whether a successive removal is based on 'new and different' grounds." *Id.* at 1066–67 (citing *Domenico v. Veolia Transp., Inc.*, No. 10-CV-02104 WYD, 2010 WL 3516901, *1 (D. Colo. Aug. 31, 2010); *Andersen*, 2014 WL 1266785 at *4). The operative question, therefore, is whether the grounds for removal in Defendant's instant Notice of Removal are "'new and different' from those addressed in the [C]ourt's prior remand [O]rder." *Id.* at 1065 (quoting *Seedman*, 837 F.2d at 414; *Allen*, 2014 WL 94337, at *2).

In its prior removal, Defendant claimed that the amount in controversy exceeded the $75,000 jurisdictional threshold on the basis of the severity of Plaintiff's injuries and the fact that she was seeking compensatory damages, general damages for past and future pain and suffering, and costs and attorneys' fees. *See* No. 19cv2489 ECF No. 6 ("Prior Order") at 3 (quoting and citing No. 19cv2489 ECF No. 1 ("Prior Removal") ¶¶ 17–19). The Court remanded because "Defendant . . . failed to produce evidence to meet its burden of showing by a preponderance of the evidence that the amount in controversy attributable to Plaintiff's claims exceeds the $75,000 threshold and that this Court has diversity jurisdiction." *Id.* at 5.

Arguably, despite the fact that Defendant now introduces Plaintiff's Statement of Damages, the present removal is based on the same grounds as Defendant's Prior Removal. The Prior Removal reveals Defendant "was at least aware that Plaintiff's medical expenses and potential medical expenses could have well exceeded $75,000 . . . , [but] failed to provide such information to the Court." *See B.C. ex rel. Coleman v. Ngo*, No. CV 18-05913 RSWL-JPR, 2019 WL 2897848, at *2 (C.D. Cal. July 2, 2019). In *B.C.*, for example, the defendant originally removed a personal injury action based on an offer of settlement for $100,000. *See id.* at *1–2. The district court remanded on the basis that the defendant had failed to meet its burden of proving that the amount in controversy exceeded $75,000. *See id.* at *1. After receiving a Statement of Damages claiming $937,021.09 in damages for past and future medical, pain and suffering, emotional distress, and punitive damages, the defendant filed a second notice of removal. *See id.* at *2. The court noted that, "even if plaintiff did not clearly state the exact amount of damages he was seeking until he provided [the defendant] with his Statement of Damages . . . , [defendant], as the party with the burden to prove that the amount in controversy exceeded $75,000, should have informed the Court of information tending to show that this threshold amount was satisfied." *Id.* at *3. Consequently, "[b]ecause [the defendant] brings its successive removal on the same grounds as its first removal, and given that there ha[d] been no 'relevant change of circumstances,' remand is appropriate." *See id.* at *3 (quoting *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015)). Here, as in *B.C.*, Defendant appears to be "attempt[ing] a second bite at the apple," *see id.* at *2, for failing properly to substantive its Prior Removal.

Even if the instant removal were based on "new and different grounds," however, Plaintiff's Statement of Damages fails to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Plaintiff's Statement of Damages asserts that $15,000 has been paid to date for medical expenses and claims $200,000 for "[p]ain, suffering, and inconvenience;" $50,000 for "[e]motional distress;" and an "unknown" sum for "[f]uture medical services." *See* Rosas Decl. Ex. C. Aside from the $15,000 for past

medical services, Plaintiff's calculation "is entirely conclusory[,] . . . provid[ing] no information that indicates it is a realistic assessment of damages, or that it is based on facts that could be proved at trial. Hence it appears to be nothing more than a bold optimistic conclusion that is not sufficient to carry [Defendant]'s burden of proving the amount in controversy." *Leon*, 76 F. Supp. 3d at 1070 (quoting *Romsa v. Ikea U.S. W., Inc.*, No. CV 14-05552 MMM (JEMx), 2014 WL 4273265, at *2 (C.D. Cal. Aug. 28, 2014)) (internal quotation marks omitted) (citing *Aparicio v. Abercrombie & Fitch Stores Inc.*, No. CV 13-09209 MMM (Ex), 2014 WL 545795, at *6 (C.D. Cal. Feb. 10, 2014); *Owens v. Westwood Coll. Inc.*, No. CV 13-4334 CAS (FFMx), 2013 WL 4083624, at *3 (C.D. Cal. Aug. 12, 2013)). The Court therefore **REMANDS** this action to the Superior Court of the State of California, County of San Diego. *See id.* at 1072 ("[B]ecause [Defendant]'s second notice of removal is premised on the facts addressed in the court's remand order, the court lacks jurisdiction to entertain the second removal petition. For this reason, the court must remand the action to state court. Even if court could exercise jurisdiction over the removal, moreover, [Defendant] has failed to carry its burden of proving that the amount in controversy requirement is satisfied. For this reason as well, remand is appropriate.").

**IT IS SO ORDERED.**

Dated: May 1, 2020

Hon. Janis L. Sammartino
United States District Judge